FILED



10:56 am, 7/6/21
U.S. Magistrate Judge

# UNITED STATES DISTRICT COURT
## DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>v.<br><br>**RODERICK B. TILLMAN, JR.,**<br><br>   Defendant. | **CRIMINAL COMPLAINT**<br><br>Case Number: 0:21-mj-41-MLC |

I, Forrest Young, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief.

### COUNT ONE

On or about July 5, 2021, within the exterior boundaries of Yellowstone National Park, in the District of Wyoming, the Defendant, **RODERICK B. TILLMAN, JR.**, did commit disorderly conduct when, with intent to cause public alarm, nuisance, jeopardy and violence and knowingly and recklessly creating a risk thereof, he engaged in fighting and threatening, and violent behavior.

In violation of 36 C.F.R. § 2.34(a)(1).

### COUNT TWO

On or about July 5, 2021, within the exterior boundaries of Yellowstone National Park, in the District of Wyoming, the Defendant, **RODERICK B. TILLMAN, JR.**, did violate the lawful order of a government employee or agent authorized to maintain order and control public access and movement during law enforcement actions.

In violation of 36 C.F.R. § 2.32(a)(2).

### COUNT THREE

On or about July 5, 2021, within the exterior boundaries of Yellowstone National Park, in the District of Wyoming, the Defendant, **RODERICK B. TILLMAN, JR.**, did operate or was in actual physical control of a motor vehicle while under the influence of alcohol, and a drug, or drugs, or a combination thereof, to a degree that rendered him incapable of safe operation of the motor vehicle.

In violation of 36 C.F.R. § 4.23(a)(1).

## COUNT FOUR

On or about July 5, 2021, within the exterior boundaries of Yellowstone National Park, in the District of Wyoming, the Defendant, **RODERICK B. TILLMAN, JR.,** did unlawfully move a vehicle that was involved in an accident without first notifying the superintendent.

In violation of 36 C.F.R. § 4.4(b).

## COUNT FIVE

On or about July 5, 2021, within the exterior boundaries of Yellowstone National Park, in the District of Wyoming, the Defendant, **RODERICK B. TILLMAN, JR.,** did unlawfully, being the driver of a vehicle, willfully refuse to bring his vehicle to a stop and otherwise fled or attempted to elude a pursuing police vehicle, when given visual and audible signal to bring the vehicle to a stop.

In violation of 36 C.F.R. § 4.2(b), W.S. § 31-5-225(a).

## COUNT SIX

On or about July 5, 2021, within the exterior boundaries of Yellowstone National Park, in the District of Wyoming, the Defendant, **RODERICK B. TILLMAN, JR.,** did unlawfully drive a vehicle in wanton and willful disregard for the safety of persons or property.

In violation of 36 C.F.R. § 4.2(b), W.S. § 31-5-229.

## COUNT SEVEN

On or about July 5, 2021, within the exterior boundaries of Yellowstone National Park, in the District of Wyoming, the Defendant, **RODERICK B. TILLMAN, JR.,** did unlawfully carry and store within a motor vehicle in a park area, a bottle, can and other receptacle containing an alcoholic beverage that was open and had been opened and whose seal was broken and the contents of which have been partially removed.

In violation of 36 C.F.R. § 4.14(b).

## COUNT EIGHT

On or about July 5, 2021, within the exterior boundaries of Yellowstone National Park, in the District of Wyoming, the Defendant, **RODERICK B. TILLMAN, JR.,** did unlawfully possess a controlled substance, to wit: Oxycodone.

In violation of 36 C.F.R. § 2.35(b)(2).

## COUNT NINE

On or about July 5, 2021, within the exterior boundaries of Yellowstone National Park, in the District of Wyoming, the Defendant, **RODERICK B. TILLMAN, JR.,** did unlawfully

recklessly engage in conduct which placed another person in danger of death or serious bodily injury.

In violation of 18 U.S.C. §§ 7 and 13, W.S. § 6-2-504(a).

I further state that I am a United States Park Ranger with the National Park Service and that this complaint is based on the following facts:

*(See attached Sworn Statement)*

Continued on the attached sheet and made a part hereof.

_____
Signature of Complainant
Forrest Young

Sworn to before me and subscribed via telephone,

__Jul, 6, 2021__  at  __Mammoth Hot Springs, Wyoming__
Date                          City and State

HON. MARK L. CARMAN
Magistrate Judge, United States District Court
Name & Title of Judicial Officer

Signature of Judicial Officer

3

## SWORN STATEMENT OF UNITED STATES PARK RANGER FORREST YOUNG IN SUPPORT OF A CRIMINAL COMPLAINT

*United Stats v. Roderick B. Tillman, Jr.*

I, Forest Young, being duly sworn, hereby depose and states as follows:

1.  I, Forest Young, am a United States Park Ranger with the National Park Service (NPS). I have been a Law Enforcement Officer with the National Park Service for six years. I have worked previously at Grand Teton National Park and Sequoia National Park, with experience in DUI investigations and traffic violation enforcement. I attended the Land Management Police Training program at the Federal Law Enforcement Training Center in Glynco, Georgia. At this academy, I received over 680 hours of Law Enforcement training. While in the employment of the National Park Service, I have had training and am certified in the following: Emergency Medical Technician, Radar and Lidar speed detection, Standardized Field Sobriety Tests (SFSTs), and emergency vehicle operation. I have a bachelor's degree in Geography and Natural Resource Management.

2.  The information contained in this sworn statement is from my personal knowledge, as well as from information provided to me by other law enforcement officers and/or witnesses, including those listed herein. Because this affidavit is being submitted to establish probable cause, your affiant has not listed each and every fact known regarding this investigation.

### PROBABLE CAUSE

4.  On Monday, July 5, 2021, at about 11:56 hours, while exercising my duties as a law enforcement officer in the District of Wyoming, within the exterior boundaries of Yellowstone National Park, Yellowstone Dispatch Center notified law enforcement officers of a motor vehicle collision involving two vehicles in the Grant area on the South Entrance Road. While officers responded to the scene, Yellowstone Dispatch advised one driver was being verbally belligerent

and the reporting party suspected the driver was intoxicated. The driver was later identified by Eastern Shoshone Tribe Identification card as Roderick Burke TILLMAN, Jr.

5. Yellowstone Dispatch first relayed that the reporting party was observing TILLMA throwing "stuff" at the reporting party's husband and shortly after, advised the driver had left the scene in a red Buick Le Sabre with Wyoming license plates 1033612 traveling north towards Grant Village. Officers responded from Old Faithful headed east, and I responded with Officer Radovich headed south from Lake ranger station area to locate the vehicle.

6. Officer Kim Ropp from Old Faithful located the vehicle in the area of Isa Lake and attempted to make a vehicle stop in a marked patrol car with her lights and sirens. Ropp reported on the radio that the suspect vehicle failed to yield to her lights and sirens and was fleeing north from Isa Lake at an increased speed. Officer Radovich and I joined the pursuit in a marked patrol vehicle with our lights and sirens activated along with another officers. The suspect vehicle continued failing to stop in response to our presence. At one point, the vehicle was stopped due to traffic and myself and other officers exited our patrol vehicles and gave verbal commands for the driver to stop and get out of the car at gun point. The suspect failed to comply with the orders and fled the scene again.

7. While in pursuit of TILLMAN, I observed him travel at variable speeds including speeds I estimated to be in excess of 100 miles per hour in a posted 45 mile per hour zone. TILLMAN frequently drove in the opposing lane with oncoming traffic approaching, making erratic maneuvers to pass vehicles at high rates of speed with no use of his turn signal. His sudden acceleration and braking created a dangerous and unpredictable environment for other motorists on the road, as well as himself. He passed numerous vehicles at once, sometimes as many as six cars, causing oncoming cars to swerve off the road to avoid a head on collision. His passes were

executed on blind corners and the tops of hills where visibility was extremely limited.

8. The Grand Loop Road in Yellowstone is a road frequented by people from all over the world to see the natural resources of the park. They frequently cross the road to see roadside attractions, such as geysers and wildlife. While operating in the manner as described above, the risk of TILLMAN striking a pedestrian, or another car was very high. Also, the consequences of TILLMAN striking a pedestrian at the high rate of speeds he was traveling would have been very likely to cause death and/or serious bodily injury. Similarly, traveling in the oncoming lane of travel with vehicles approaching he nearly caused head on collisions that also placed other motorists and their occupants in danger of death or serious bodily injury.

9. After pulling over at a pullout and turning around in a further attempt to avoid apprehension, TILLMAN began traveling back southbound and turned left (east) down the Mesa Pit Road, a gravel road with large "Do Not Enter" signs at the entrance, cutting oncoming traffic off and causing them to brake. TILLMAN lost control of the vehicle and slid down the steep, sandy hill on the south side of the road.

10. I exited my vehicle with other rangers and began giving verbal commands to TILLMAN who was still in the car. TILLMAN was instructed to keep his hands visible and exit the vehicle. He was given these commands several times and remained in the vehicle, either unwilling or unable to comply. His speech was slurred, and his verbal responses were incoherent and inconsistent. He stated, "You did this to me" and "I'm drunk" on the scene, repeatedly talking about "your ancestors", rape, and Christopher Columbus.

11. While helping remove him from the driver seat of the vehicle, I immediately noticed the smell of alcohol coming from TILLMAN. He had a dazed facial appearance with bloodshot, watery eyes. Saliva was visibly dripping down from the corner of his mouth and his

speech was slow and slurred. While standing, TILLMAN swayed side to side, having difficulty keeping his balance. During the arrest, Officer Radovich asked if he had been arrested before, TILLMAN stated he had been arrested twice. Officer Radovich asked if it was for "this", TILLMAN said he had been arrested for DUI but not for reckless driving and stated he had been driving recklessly leading up to the crash today. Later, he disclosed the arrests were tribal charges and he was on probation through the tribe as well.

12. After being placed in custody and advised of his Miranda Rights, TILLMAN invoked his rights and was not asked to submit to Standardized Field Sobriety Tests.

13. After TILLMAN was taken into custody, I noticed an open Corona hard seltzer can (still wet on the inside) and a Crown Royal Regal Apple Whiskey bottle, (still wet on the inside with the top off) in the front passenger seat area. There was also a plastic travel cup with a straw in the center console cup holder. Officer Chris Scheid reported it was approximately 1/3 full of liquid and smelled of an alcoholic beverage. Officer J. Murray also reported the passenger front foot well was damp with a liquid, possibly from the open Crown Royal whiskey bottle.

14. Additionally, a bag in the driver side rear seat was located and contained a prescription pill bottle labeled as Oxycodone HCL/Acetaminophen for 12 tablets and a patient name of Paul J EBBERT. Inside the pill bottle was half a pill of suspected Oxycodone (schedule II), two pills suspected Diclofenac Sodium (non-schedule), four pills suspected Meloxicam (non-scheduled), and nine pills suspected Gabapentin (non-schedule).

**END OF SWORN STATEMENT**

| | |
|---|---|
| **PENALTY SUMMARY** ||

**DEFENDANT NAME:**       RODERICK B. TILLMAN, JR.

**DATE:**       July 6, 2021

**INTERPRETER NEEDED:**       No

**VICTIM(S):**       No

**OFFENSE/PENALTIES:**

    **Ct: 1**  36 C.F.R. § 2.34(a)(1) (Disorderly Conduct – Threatening Behavior)

    Class B Misdemeanor
    Up to 6 Months Imprisonment
    Up to $5,000 Fine
    5 Years' Probation
    $10 Special Assessment

    **Ct. 2**  36 C.F.R. § 2.32(a)(2) (Interfere with agency functions: Lawful Order)

    Class B Misdemeanor
    Up to 6 Months Imprisonment
    Up to $5,000 Fine
    5 Years' Probation
    $10 Special Assessment

    **Ct. 3**  36 C.F.R. § 4.23(a)(1) (Driving Under the Influence)

    Class B Misdemeanor
    Up to 6 Months Imprisonment
    Up to $5,000 Fine
    5 Years' Probation
    $10 Special Assessment

**Ct. 4**   **36 C.F.R. § 4.4(b)** (Failure to Report Motor Vehicle Accident)

Class B Misdemeanor
Up to 6 Months Imprisonment
Up to $5,000 Fine
5 Years' Probation
$10 Special Assessment

**Ct. 5**   **36 C.F.R. § 4.2(b), W.S. § 31-5-225(a)** (Fleeing or Attempting to Elude Police Officers)

Class B Misdemeanor
Up to 6 Months Imprisonment
Up to $5,000 Fine
5 Years' Probation
$10 Special Assessment

**Ct. 6**   **36 C.F.R. § 4.2(b), W.S. § 31-5-229** (Reckless Driving - Driving)

Class B Misdemeanor
Up to 6 Months Imprisonment
Up to $5,000 Fine
5 Years' Probation
$10 Special Assessment

**Ct. 7**   **36 C.F.R. § 4.14(b)** (Open Container)

Class B Misdemeanor
Up to 6 Months Imprisonment
Up to $5,000 Fine
5 Years' Probation
$10 Special Assessment

|  |  |  |
|---|---|---|
|  | **Ct. 8** | 36 C.F.R. § 2.35(b)(2) (Possession of a Controlled Substance)<br><br>Class B Misdemeanor<br>Up to 6 Months Imprisonment<br>Up to $5,000 Fine<br>5 Years' Probation<br>$10 Special Assessment |
|  | **Ct. 9** | **18 U.S.C. §§ 7 and 13, W.S. § 6-2-504(a)** (Reckless Endangerment<br><br>Class A Misdemeanor<br>Up to 1 Year Imprisonment<br>Fine up to $100,000<br>Up to 5 Years' probation<br>$25 Special Assessment |
| **TOTALS:** |  | 0-60 Months' Imprisonment<br>Up to $140,000 Fine<br>Up to 5 Years' probation<br>$105 Special Assess,emt |
| **AGENT:** |  | Forest Young, NPS |
| **AUSA:** |  | Stephanie A. Hambrick, Assistant United States Attorney |
| **ESTIMATED TIME OF TRIAL:** |  | No More than 5 days |
| **WILL THE GOVERNMENT SEEK DETENTION IN THIS CASE:** |  | Yes |
| **ARE THERE DETAINERS FROM OTHER JURISDICTIONS:** |  | No |